**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

HUNT MASTERS, INCORPORATED, d/b/a
Charleston Crab House,
            *Plaintiff-Appellant,*

v.

LANDRY'S SEAFOOD RESTAURANT,
INCORPORATED, a Delaware
corporation,
            *Defendant-Appellee.*

No. 00-1235

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Leonard D. Wexler, Senior District Judge, sitting by designation.
(CA-00-229)

Argued: November 1, 2000

Decided: February 15, 2001

Before WILKINSON, Chief Judge, WILLIAMS, Circuit Judge,
and Frank J. MAGILL, Senior Circuit Judge of the
United States Court of Appeals for the Eighth Circuit,
sitting by designation.

Affirmed by published opinion. Senior Judge Magill wrote the opinion, in which Chief Judge Wilkinson and Judge Williams joined.

## COUNSEL

**ARGUED:** Morris Dawes Cooke, Jr., BARNWELL, WHALEY, PATTERSON & HELMS, L.L.C., Charleston, South Carolina, for

Appellant. William Fitts Ryan, Jr., WHITEFORD, TAYLOR & PRESTON, L.L.P., Baltimore, Maryland, for Appellee. **ON BRIEF:** Wendy Raina Johnson Keefer, B. Craig Killough, BARNWELL, WHALEY, PATTERSON & HELMS, L.L.C., Charleston, South Carolina, for Appellant. Steven E. Tiller, WHITEFORD, TAYLOR & PRESTON, L.L.P., Baltimore, Maryland; W. Jefferson Leath, Jr., LEATH, BOUCH & CRAWFORD, L.L.P., Charleston, South Carolina, for Appellee.

---

**OPINION**

MAGILL, Senior Circuit Judge:

Hunt Masters, Inc. ("Hunt"), the operator of the Charleston Crab House restaurant, seeks to enjoin Landry's Seafood Restaurant, Inc. from operating a similar establishment in Charleston under the name "The Crab House." Hunt asserts that Landry's use of the term "crab house" infringes its common law service marks. The district court rejected Hunt's claims and denied its motion for preliminary injunction. We affirm.

I.

Hunt opened the Charleston Crab House in 1991. In 1996, Landry's acquired The Crab House restaurant chain, which had been in operation under that name since 1976. Both Landry's and Hunt own federal design registrations for graphic logos that incorporate the term "crab house," but each registration disclaims protection for the term itself. At the time of the suit, Hunt owned three Charleston Crab Houses in the greater Charleston area, while Landry's operated fourteen The Crab House restaurants in Florida, Georgia, South Carolina, Tennessee, and Virginia. In addition to The Crab House chain, Landry's operates several other restaurant chains, including Landry's Seafood House, Joe's Crab Shack, and Willie G's Seafood and Steak House. In 1997, Landry's opened a Landry's Seafood House at Ripley Point on the Ashley River in Charleston, South Carolina. This location was within a few miles of Charleston Crab House's Wappoo Creek location on James Island. The Landry's Seafood House was

unsuccessful, and Landry's decided to replace it with another The Crab House restaurant. The transition took almost a year and required significant redesign and renovation, costing Landry's nearly $600,000.

In preparation for its opening, Landry's posted a sign outside its restaurant reading "The Crab House," and began using its trademark, incorporating the words "The Crab House," in advertising. Upon learning of Landry's intention to open a restaurant called The Crab House at the Ripley Point location, Hunt commenced this suit, seeking declaratory and injunctive relief, costs and attorney fees for service mark infringement, unfair trade practices, and violation of the Lanham Act (15 U.S.C. § 1125). The district court denied Hunt's motion for preliminary injunction. This appeal followed.

## II.

Hunt acknowledges that though both parties own federal registrations for logos containing the term "crab house," both registrations disclaim protection for the term "crab house" alone. Accordingly, Hunt alleges that Landry's use of the term "crab house" infringes upon Hunt's common law service marks, presenting a likelihood of consumer confusion and irreparable harm. Before considering whether Landry's use of "The Crab House" creates a likelihood of confusion or irreparable harm, we first must address whether Hunt had a protected proprietary interest in the term "crab house."

To determine whether a mark is protected, we must ascertain whether it is (1) generic, (2) descriptive, (3) suggestive, or (4) arbitrary or fanciful. *Ashley Furniture Indus., Inc. v. SanGiacomo N.A. Ltd.*, 187 F.3d 363, 369 (4th Cir. 1999) (providing "Pet Store" as an example of a generic mark). A generic mark refers to the genus or class of which a particular product is a member, and thus can never be protected. *Ale House Mgmt., Inc. v. Raleigh Ale House, Inc.*, 205 F.3d 137, 140 (4th Cir. 2000). A descriptive mark describes a characteristic of a product and can be protected if it has acquired a secondary meaning. *Ashley Furniture*, 187 F.3d at 369. A suggestive mark suggests a characteristic of a product, permitting a consumer to infer something about the product from the mark. *Id.* Both arbitrary and fanciful marks are totally unrelated to the product. *Id.* "The latter

three categories of marks, because their intrinsic nature serves to identify a particular source of a product, are deemed inherently distinctive and are entitled to protection." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992). Whether a given mark is generic and therefore ineligible for trademark protection is dependent on the particular facts of the case. *Ashley Furniture*, 187 F.3d at 369.

Landry's argues that "crab house" is a generic term referring to a class of restaurants that serve crabs. We agree. This court recently confronted a nearly identical factual scenario. *See Ale House*, 205 F.3d 137. In that case, a corporation operating numerous "Ale House" restaurants brought suit seeking to enjoin another corporation from opening a facility named the "Raleigh Ale House." *Id.* at 140. This court concluded that the plaintiff had no protectable interest in the term "ale house" because the term is generic. *Id.* at 141. In concluding that "ale house" is generic, the court rejected the argument that "ale house" might be generic in some applications, such as English pubs, but non-generic when applied to facilities serving both food and beer. *Id.*; *see also Maine Ave. Seafood v. The Crab House, Inc.*, Civil Action No. DKC 97-640 (D. Md. Mar. 30, 1998) (holding that "crab house" is generic and use of "The Crab House" did not infringe upon the rights of the nearby "Bethesda Crab House").

Application of the *Ale House* analysis here compels the conclusion that "crab house" is generic as well. In determining whether a mark is generic, courts should not parse terms to determine that they are made up of generic components. *Pizzeria Uno Corp. v. Temple*, 747 F.2d 1522, 1530 (4th Cir. 1984). However, the principle that a mark must be considered as a whole to determine its validity does not preclude courts from considering the meaning of individual words in determining the meaning of the entire mark. *Liquid Controls Corp. v. Liquid Control Corp.*, 802 F.2d 934, 938 (7th Cir. 1986). Here, the meaning of the individual words is fairly clear. A crab is "any of numerous chiefly marine broadly built crustaceans," while "restaurant" is one of the many definitions of the word "house." Webster's New International Dictionary 1096 (3d ed. 1961). Other common words that are often used as synonyms for "restaurant" include bar, parlor, and shop. When preceded by a type of food, these words describe various classes of restaurants, such as ale houses, tapas bars, ice cream parlors, and coffee shops. Each term denotes a class of res-

taurant serving a particular type of food, just as "crab house" denotes a class of restaurant that serves crabs.[1]

In support of its argument that "crab house" is not generic, Hunt offers a survey conducted of consumers in the Charleston area. Hunt asserts that the district court erred in failing to consider its survey evidence in assessing genericness. *See Burger King Corp. v. Pilgrim's Pride Corp.*, 705 F. Supp. 1522, 1525 (S.D. Fla. 1988). However, Hunt fails to recognize that there are two distinct ways in which terms may be classified as generic: (1) where the term began life as a "coined term"; and (2) where the term was commonly used prior to its association with the products at issue. *Id.* The notion that whether a word is generic depends upon consumers' understanding of the word is based upon a scenario involving a coined word for a commercial product (such as "aspirin," "teflon," or "thermos") that is alleged to have become generic through common usage. *Miller Brewing Co. v. Jos. Schlitz Brewing Co.*, 605 F.2d 990, 995 (7th Cir. 1979). Hunt does not claim to have first coined the term "crab house." Therefore, it is not necessary to determine whether the term has become generic through common use, rendering Hunt's customer survey irrelevant.

Hunt also suggests that while there may be a type of restaurant referred to as a "crab house" in certain parts of the country, there is no such genus of restaurants in the Charleston area.[2] Hunt goes on to assert that even if such a genus exists, neither Charleston Crab House nor The Crab House falls into the "crab house" genus of restaurants. The argument that other restaurants called crab houses have more lim-

---

[1]An Internet search revealed a multitude of "crab houses" across America, thereby demonstrating that Hunt's use of the term is neither original nor unique. *See, e.g.*, Cap'n Zach's Crab House, McKinleyville, CA; Del Mar Crab House, Denver, CO; Old Mill Crab House, Delmar, DE; Rustic Inn Crabhouse, Ft. Lauderdale, FL; Fulton's Crab House, Orlando, FL; Shaw's Crab House, Chicago, IL; Dirty Dick's Crab House, Avon, NC; Rooney's Ocean Crab House, Long Branch, NJ; Eddie's Crab House, Philadelphia, PA; Hastings Crab House, Richmond, VA.

[2]Hunt's argument that the "crab house" genus of restaurants is restricted to certain areas of the country is weakened by the number of "crab houses" scattered around the country. *See* note 1, *supra*.

ited menus or more casual atmospheres "does not refute the proposition that '[crab] house' refers to a 'genus or class' of facilities that serve [crabs]." *Ale House*, 205 F.3d at 141.

### III.

We conclude that "crab house" is a generic term for a restaurant serving crabs.[3] Accordingly, Hunt has no protectable interest in the term "crab house" and the district court properly denied its motion for preliminary injunction preventing Landry's from using "The Crab House" at its Charleston location. The decision of the district court is hereby

*AFFIRMED*.

---

[3]In light of this conclusion, we need not address Hunt's argument that there is a likelihood of confusion between Landry's mark and its own.